PROCHASKA, GIROUX & HOWELL
7701 E. Kellogg, Suite 416
Wichita, Kansas 67207
316-683-9080
316-683-6508 fax

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| B.L., a minor, by and though<br>her next friend and natural parent,<br>LISA LOEWEN,<br><br>                    Plaintiff,<br><br>vs.<br><br>VIA CHRISTI REGIONAL MEDICAL CENTER,<br>d/b/a ST. FRANCIS CAMPUS; KIMBERLY<br>MOLIK, M.D.; HENRY B. DOERING, M.D.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.:  10-1201-RDR-KGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PURSUANT TO CHAPTER 60 OF THE K.S.A.

### COMPLAINT

COMES NOW the plaintiff, by and through her attorneys of record, and for her causes of action against each defendant, states and alleges as follows:

### JURISDICTION AND VENUE

1.     Subject matter jurisdiction is based on 28 U.S.C.A. Section 1332 (a) (1) for the following reasons: the plaintiff is a citizen of the State of Texas with her domicile in the State of Texas; the defendant Via Christi is a Kansas Corporation; defendant Kimberly Molik M.D. is a citizen of the State of Kansas, with her current domicile in the State of Kansas; defendant Henry B. Doering M.D. is a citizen of the State of Kansas, with his current domicile in the State of Kansas, and; the amount in controversy exceeds $75,000.00.

2.    Venue is proper in the United States District Court for the District of Kansas (sitting in Wichita) pursuant to 28 U.S.C.A. 1391(a) (2) in that jurisdiction is founded on diversity of citizenship and the tort which gives rise to the cause of action occurred in Wichita, Kansas.

## GENERAL ALLEGATIONS AND CAUSES OF ACTION

3.    B.L. is a minor, with a birth date of 05/02/XXXX, who resides with her natural parents, Jacob and Lisa Loewen, at Box 98, 233 E. Highway 180, Seminole, Texas, 79630.

4.    The Defendant, Kimberly Molik, M.D., is a physician specializing in pediatric surgery and is a citizen of the State of Kansas and has worked at all pertinent times in Wichita, Sedgwick County, Kansas.  Dr. Molik may be served by certified mail at her place of residence located at 2014 N. Paddock Green Ct., Wichita, Kansas 67206.

5.    The Defendant, Henry B. Doering, M.D., is a physician specializing in surgery and is a citizen of the State of Kansas and has worked at all pertinent times in Wichita, Sedgwick County, Kansas.  Dr. Doering may be served by certified mail at his place of residence located at 1947 N. Quail Crossing St., Andover, Kansas 67206.

6.    Defendant Via Christi Regional Medical Center was a duly organized and existing corporation existing by virtue of the laws of the State of Kansas operating a hospital facility commonly known as St. Francis Medical Center located in Wichita, Kansas.  It may be served with process by serving its resident agent, Gary E. Knight, 3720 E. Bayley, Wichita, KS 67218, by mailing a copy of the summons and this petition via certified U.S. mail, return receipt requested.

7.    At all times material hereto, and to which reference is made herein, Kimberly Molik, M.D. was a licensed practicing physician specializing in the practice of pediatric surgery. Kimberly Molik, M.D., in practicing her profession and providing care and treatment to her

patients, held herself out to the general public as a specialist in the field of pediatric surgery using that degree of care, skill, diligence and attention as used by other pediatric surgeons in the practice of said specialty.  At all times material hereto, and to which reference is made herein, Kimberly Molik, M.D., in practicing her profession, had under her employ, control and/or direction certain  nurses, interns, residents, certified registered nurse anesthetists, student nurses, nurses aides, and other personnel.  The negligence of said persons is likewise the negligence of Kimberly Molik, M.D.

8.      At all times material hereto, and to which reference is made herein, Henry Doering, M.D. was a  licensed practicing physician specializing in the practice of surgery.  Henry Doering, M.D., in practicing his profession and providing care and treatment to his patients, held himself out to the general public as a specialist in the field of surgery using that degree of care, skill, diligence and attention as used by other surgeons in the practice of said specialty. At all times material hereto, and to which reference is made herein, Henry Doering, M.D., in practicing his profession, had under his employ, control and/or direction certain  nurses, interns, residents, certified registered nurse anesthetists, student nurses, nurses aides, and other personnel.  The negligence of said persons is likewise the negligence of Henry Doering, M.D.

9.      At all times material hereto, and to which reference is made herein, a physician/patient or hospital/patient relationship existed between B.L. and the defendants.

10.     On July 7, 2007, B.L., a minor, was admitted to Via Christi-St. Francis for burn and inhalation injuries sustained when she fell into a campfire.

11.     On July 10, 2007, Defendant Molik placed an arterial line in the left femoral artery of B.L. so that B.L.'s heart function could be closely monitored.

12.     Subsequent to placement of the arterial line, B.L.'s left leg exhibited signs and symptoms consistent with ischemia and, consequently, the arterial line was removed by defendant Doering.

13.     Subsequent to the removal of the arterial line, the defendants all failed to properly monitor, diagnosis and treat B.L.'s ischemic left leg.

14.     As a consequence of the defendants' negligence, B.L.'s left leg sustained irreversible ischemic damage and she subsequently underwent a below-knee amputation to her left leg.

15.     At all times material hereto, defendant Via Christi-St. Francis owed a duty to B.L. to use that degree of care, skill, diligence and attention as used by other hospitals in providing care and treatment to their patients, and to manage, supervise and direct all administrators, administrative staff, officers, nurses, interns, residents, nurse anesthetists, aides and other employees and agents acting under and at their direction and control.  While providing care and treatment to B.L., Via Christi-St. Francis breached its duties to B.L., thereby, departing from accepted and approved standards of practice, and was otherwise negligent.

16.     At all material times relevant hereto, Kimberly Molik, M.D. owed a duty to B.L. to use that degree of care, skill, diligence and attention as used by other pediatric surgeons in the practice of pediatric surgery in providing care and treatment to their patients, and to manage, supervise and direct all nurses, interns, residents, nurse anesthetists, aides and other health care providers acting under and at her direction and control.  While providing care and treatment to B.L., Kimberly Molik M.D. breached her duties, departed from accepted and approved standards of practice, and was otherwise negligent.

17.     At all material times relevant hereto, Henry Doering, M.D. owed a duty to B.L. to use that degree of care, skill, diligence and attention as used by other surgeons in the practice of

surgery in providing care and treatment to their patients, and to manage, supervise and direct all nurses, interns, residents, nurse anesthetists, aides and other health care providers acting under and at her direction and control.  While providing care and treatment to B.L., Henry Doering, M.D. breached his duties, departed from accepted and approved standards of practice, and was otherwise negligent.

18.     As a direct result of the negligence, carelessness and malpractice of defendants, B.L. was permanently injured and as a result thereof suffered and will continue to suffer severe and permanent injury, pain, suffering, mental anguish, embarrassment, loss of earning capacity, medical bills, loss of enjoyment of life, disfigurement and other economic and non-economic damages well in excess of Seventy-five Thousand Dollars ($75,000.00).

19.     Pursuant to K.S.A. 40-3409, a copy of this Complaint is being served by registered mail within ten days from filing the same upon the Board of Governors of the Health Care Stabilization Fund for the State of Kansas.

WHEREFORE, and by reason of the foregoing, plaintiffs pray for judgment against the defendants in an amount in excess of Seventy-five Thousand Dollars ($75,000.00); for costs; and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Bradley J. Prochaska
Bradley J. Prochaska (#10943)
Daniel B. Giroux (#19375)
Attorneys for Plaintiff
PROCHASKA, GIROUX & HOWELL
7701 E. Kellogg Ste. 415
Wichita, KS 67207
Office: 316-683-9080
Fax: 316-683-6508
brad@pgh-law.com
dgiroux@pgh-law.com

## DEMAND FOR TRIAL BY JURY

COMES NOW the plaintiff, by and through her attorneys, and respectfully requests a trial

by jury on all issues triable to a jury.

Respectfully submitted,


/s/ Bradley J. Prochaska
Bradley J. Prochaska (#10943)
Daniel B. Giroux (#19375)
Attorneys For Plaintiff
PROCHASKA, GIROUX & HOWELL
7701 E. Kellogg Ste. 415
Wichita, KS 67207
Office: 316-683-9080
Fax:: 316-683-6508
brad@pgh-law.com
dgiroux@pgh-law.com

## DESIGNATION OF PLACE FOR TRIAL

Plaintiff herein requests the trial in this matter be held in The United States District Court

of the District of Kansas sitting in Wichita, Kansas.


Respectfully submitted,


 /s/ Bradley J. Prochaska
Bradley J. Prochaska (#10943)
Daniel B. Giroux, (#19375)
Attorneys For Plaintiff
PROCHASKA, GIROUX & HOWELL
7701 E. Kellogg Ste. 415
Wichita, KS 67207
Office: 316-683-9080
Fax:: 316-683-6508
brad@pgh-law.com
dgiroux@pgh-law.com