# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LISA LOWEN, *as next friend* and *natural parent of minor B.L.*, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 10-1201-RDR |
| VIA CHRISTI HOSPITALS WICHITA, INC. *d/b/a St. Francis Campus*, and KIMBERLY MOLIK, M.D., and HENRY B. DOERING, M.D., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff's Motion & Memorandum Opposing Ex Parte Interviews of Minor Plaintiff's Treating Health Care Providers (ECF No. 28).[1] Defendants Kimberly Molik, M.D. and Via Christi Hospitals Wichita, Inc. have filed a response in opposition to the motion. Defendant Henry B. Doering, M.D. has not responded, and the time to do so has passed. For the reasons explained below, the motion is denied.

### I.     Relevant Background

On June 23, 2010, plaintiff, on behalf of the minor B.L., filed this medical malpractice action against two physicians and the hospital where the alleged malpractice occurred. In September 2010, the legal assistant for defense counsel representing Dr. Molik e-mailed to the undersigned a proposed joint order compelling production of plaintiff's medical records and allowing *ex parte* interviews with the plaintiff's health care providers. The proposed order stated plaintiff's counsel objected to the entry of the order and further stated that the court, after hearing plaintiff's objections,

---

[1] To conform with the most recent edition of *The Bluebook: A Uniform System of Citation*, the undersigned now designates all docket entries as "ECF No."

overruled them. The undersigned explained to the parties during the scheduling conference that because the court had not actually heard any of plaintiff's objections, it would not enter an order stating that it had heard and overruled them. The court directed plaintiff to file a motion asserting her objections to the proposed order. The court further informed the parties it would not enter an order requiring nonparties to produce discovery documents absent service of a valid subpoena upon those nonparties. Plaintiff subsequently filed the instant motion, and defendants Dr. Molik and Via Christi responded and attached an amended proposed order that omits language compelling nonparties to produce documents. The court addresses plaintiff's objections below.

**II. Discussion**

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") prohibits unauthorized disclosures or misuse of protected health information by covered entities. Although HIPAA itself and applicable regulations do not expressly authorize *ex parte* interviews of health care providers, it is well settled in the District of Kansas that HIPAA also does not prohibit *ex parte* interviews, so long as certain procedural requirements are met.[2] In judicial proceedings, the HIPAA regulations set forth at 45 C.F.R. § 164.512(e) provide for the disclosure of protected health information under the following circumstances:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

---

[2] *See, e.g., Brigham v. Colyer*, No. 09-2210-JWL-DJW, 2010 WL 2131967, at *3-*4 (D. Kan. May 27, 2010) (allowing *ex parte* communications with treating physicians); *Pratt v. Petelin*, No. 09-2252-CM-GLR, 2010 WL 446474, at *7–*8 (D. Kan. Feb. 4, 2010) (holding that HIPAA does not prohibit *ex parte* interviews if the party seeking the interview complies with the procedures for securing medical information); *Sample v. Zancanelli Mgmt. Corp.*, No. 07-2021-JPO, 2008 WL 508726, at *2 (D. Kan. Feb. 21, 2008) (noting that the District of Kansas has consistently allowed *ex parte* interviews of treating physicians before and after HIPAA's enactment and holding that such contacts are not prohibited by HIPAA); *Harris v. Whittington*, No. 06-1179-WEB, 2007 WL 164031, at *2–*3 (D. Kan. Jan. 19, 2007) (holding that HIPAA does not prohibit *ex parte* interviews as long as its procedural safeguards are complied with by the party seeking the interview).

> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
>> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>>
>> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.[3]

In this case, defendants seek to proceed under subsection (i), which allows the release of protected health information upon court order. Neither party appears to dispute that B.L.'s medical condition is at issue in this action, and plaintiff does not argue the patient-physician privilege applies in this context. Rather, plaintiff makes a number of arguments as to why the court should not issue an order permitting *ex parte* interviews. She contends court involvement with informal discovery is inappropriate and not sanctioned by applicable regulations and procedural rules. She argues these types of orders merely authorize action and do not require an individual to take action or refrain from taking action. Finally, she argues these orders tilt an uneven playing field in favor of the defense bar. The court addresses each of these arguments in turn.

---

[3] 45 C.F.R. § 164.512(e); *see also Harris*, 2007 WL 164031, at *2.

## A. Informal Discovery

Plaintiff's primary argument advanced in her motion is that orders permitting *ex parte* interviews with health care providers interject court supervision over informal discovery, something not contemplated by the Federal Rules of Civil Procedure. Indeed, the court does not typically involve itself with informal discovery. Nevertheless, HIPAA presents certain considerations and constraints for covered entities cautious not to run afoul of the Act. An order authorizing *ex parte* interviews of health care providers creates an avenue for informal discovery that might not otherwise be available. Magistrate Judge Gerald L. Rushfelt aptly summarized the reasons for permitting *ex parte* interviews in his recent opinion in *Pratt v. Petelin*:

> [Opinions from this district] reason that to allow *ex parte* interviews with fact witnesses, such as treating physicians, creates a just result by allowing both parties equal, unfettered access to fact witnesses. To prohibit *ex parte* communications would allow one party unrestricted access to fact witnesses, while requiring the other party to use formal discovery that could be expensive, timely, and unnecessary. Witnesses, of course, may refuse to communicate *ex parte* and thus require the parties to resort to formal discovery procedures. Less expensive informal discovery, nevertheless, should be encouraged. For these reasons, a court may allow defendants access to the medical records and treating physicians of a plaintiff who has placed his or her physical or mental condition in issue.[4]

Fed. R. Civ. P. 1 provides the directive that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." The rules' silence on orders permitting *ex parte* interviews with health care providers does not mean this practice is contrary to the rules or somehow prohibited by them.[5]

---

[4] *Pratt*, 2010 WL 446474, at *7; *see also Sample*, 2008 WL 508726, at *1.

[5] *See Watson v. Olathe Med. Ctr., Inc.*, No. 01-2382-CM, 2002 WL 73395, at *1 (D. Kan. Jan. 8, 2002) ("[The Federal Rules of Civil Procedure do not bar informal, private interviews of witnesses not designated as experts.") (citing *Lake v. Steeves*, 161 F.R.D. 441, 444 (D. Kan. 1994)).

Rather, allowing such communication fits more squarely within the spirit of Rule 1, as "[i]nformal discovery is both expedient and less expensive than formal discovery, and therefore should be encouraged, not discouraged."[6] Moreover, an order permitting informal discovery is especially appropriate in this context. The complaint alleges B.L. has "suffered and will continue to suffer severe and permanent injury, pain, suffering, mental anguish . . . ."[7] When a plaintiff alleges ongoing physical or emotional complications stemming from the alleged medical negligence, *ex parte* interviews enable counsel to gather information without repeatedly resorting to more expensive, time-consuming formal discovery methods for up-to-date information about a plaintiff's current condition or prognosis, which may change as the litigation progresses. Orders allowing *ex parte* interviews with health care providers have the potential to reduce costs and provide all counsel of record with the same avenues available to obtain relevant information.

### B. Regulatory Interpretation

Plaintiff also argues the previously quoted HIPAA regulation, 45 C.F.R. § 164.512(e), contemplates an order directed at a specific health care provider rather than a general order permitting *ex parte* interviews with any health care provider. The regulation provides, "A covered entity may disclose protected health information . . . [i]n response to *an order* of a court[.]"[8] Plaintiff points to the phrase, "an order," in support of her argument that the regulation likely requires the court to issue an order to a specific health care provider. The plain language of this regulation, however, simply does not dictate that a court order must be directed

---

[6] *Sample*, 2008 WL 508726 (citing *Bryant v. Hilst*, 136 F.R.D. 487, 492 (D. Kan. 1991)).

[7] Compl. at ¶ 18 (ECF No. 1).

[8] 45 C.F.R. § 164.512(e) (emphasis supplied).

5

at a specific health care provider, and plaintiff fails to cite any authority in support her argument that this language impliedly contemplates as much. Moreover, 45 C.F.R. § 164.512 is directed at instances in which a covered entity may disclose protected health information, not at specific requirements for court orders allowing such disclosures.[9] For these reasons, the court rejects plaintiff's interpretation of this regulation.

### C. Legal Effect

Plaintiff further contends orders permitting *ex parte* interviews lack teeth because the court is merely permitting covered entities to disclose information but not requiring them to do so. The Missouri Supreme Court shares plaintiff's characterization of these types of orders.[10] In *State ex rel. Proctor v. Messina*, the Missouri Supreme Court considered an order similar to what defendants in this case have proposed. The court stated the "purported order" amounted to an advisory opinion to nonparty health care providers that they would not be violating HIPAA if they participated in *ex parte* interviews with defense counsel.[11] Respectfully, the undersigned disagrees with this characterization. Orders permitting *ex parte* communications with health

---

[9] *Compare with* 42 U.S.C. § 290dd-2(b)(2)(C) (part of The Public Health Service Act, which provides a more detailed directive for court orders allowing the release of records of the identity, diagnosis, prognosis or treatment of any patient maintained in connection with certain covered programs).

[10] *See State ex rel. Proctor v. Messina*, 320 S.W.3d 145, 154 n.6 (Mo. Sup. Ct. 2010). The Missouri Supreme Court ultimately held that the regulation allowing for disclosure of protected health information in the course of a judicial proceeding does not authorize orders permitting *ex parte* communications between covered entities and counsel during discovery. The court reasoned that "such disclosure must be under the supervisory authority of the court either through discovery or other formal court procedures" and noted that neither the regulation nor the Missouri Rules of Civil Procedure expressly authorize these types of orders. *Id.* at 156. This district has rejected this reasoning. Magistrate Judge Rushfelt opined, "Although not directly supervised by the Court, an *ex parte* interview of a plaintiff's treating physician nevertheless proceeds incidental to a pending law suit and to that extent may be regarding as 'in the course of' a judicial proceeding." *Pratt*, 2010 WL 446474, at *8 (considering the opinion from the Missouri Court of Appeals for the Western District in *State ex rel. Proctor v. Messina*, No. WD 71326, 2009 WL 3735919 (Mo. App. W.D. Nov. 10, 2009)).

[11] *Proctor*, 320 S.W.3d at 154 n.6.

care providers establish a party's ability to access information through informal discovery, assuming the health care provider consents. The court is essentially ordering an operation of law that lifts, to a limited extent, HIPAA's restrictions regarding disclosure of protected health information, something specifically contemplated by 45 C.F.R. § 164.512(e). To that end, such an order has legal effect.

### D. Fairness Considerations

Plaintiff's counsel also contends the court should decline to enter an order permitting *ex parte* interviews out of fairness considerations. Kansas Medical Mutual Insurance Company ("KaMMCO") provides liability insurance coverage for numerous physicians throughout the state. Plaintiff suggests these types of orders create a potential for undue influence over fact witnesses, particularly in instances where KaMMCO insures both the treating physician and the defendant physician. Indeed, orders permitting *ex parte* interviews may not be appropriate in all cases. For example, "[i]f a plaintiff shows a specific reason for restricting access to her or his treating physicians, such as sensitive medical history irrelevant to the lawsuit, a court may restrict *ex parte* interviews and disclosure of medical records."[12] Nevertheless, blanket policy arguments are not sufficient to warrant restrictions on *ex parte* interviews.[13] Defense counsel are officers of the court and must conduct themselves accordingly. Plaintiff has presented the court with no reason to believe that these particular attorneys—or the defense bar in general—would engage in improper conduct in *ex parte* interviews. Without a more detailed factual showing, the mere possibility of influence does not present a compelling reason to restrict this type of

---

[12] *Pratt*, 2010 WL 446474, at *7 (citing *Harris*, 2007 WL 164031, at *3 n.10).

[13] *Id.* (citing *Sample*, 2008 WL 508726, at *2).

communication.

### E. Conclusion

For the foregoing reasons, plaintiff's motion is denied. Counsel for Dr. Molik is directed to submit to the undersigned, by e-mail, defendants' proposed order formatted in either Word or Word Perfect. Defense counsel should copy all attorneys of record in this action. The court will enter the order with minor modifications.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion & Memorandum Opposing Ex Parte Interviews of Minor Plaintiff's Treating Health Care Providers (ECF No. 28) is hereby denied.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
